UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROCHESTER LABORERS' WELFARE-S.U.B.
FUND, by Robert Brown, as Chairman,
and Daniel Hogan, as Secretary;
ROCHESTER LABORERS' PENSION FUND,
by Robert Brown, as Chairman, and
Daniel Hogan as Secretary;
ROCHESTER LABORERS ANNUITY FUND, by
Robert Brown, as Chairman and
Daniel Hogan, as Secretary;
ROCHESTER LABORERS' APPRENTICE AND
TRAINING FUND, by Robert Brown, as
Chairman, and Daniel Hogan, as
Secretary; LABORERS' INTERNATIONAL
UNION OF NORTH AMERICA, LOCAL UNION
NO. 435, by Daniel Kuntz, as
Business Manager,

                Plaintiffs,

-vs-

FLOWER CITY MONITORS, INC. and
LENORA L. PAIGE, Individually
and as an Officer of FLOWER CITY
MONITORS, INC.,

                Defendants.

**DECISION AND ORDER**
**No. 6:15-cv-06446(MAT)**

---

## INTRODUCTION

This an action arising under the Employee Retirement Income Security Act of 1974, 29 U.5.C. §§ 1001 et seq. ("ERISA"), and the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 185(a) ("LMRA"). The plaintiffs are the Rochester Laborers' Welfare-S.U.B. Fund, the Rochester Laborers' Pension Fund, the Rochester Laborers' Apprentice and Training Fund, the Rochester Laborers' Annuity Fund; and their trustees, Robert Brown; Daniel Hogan; along with Laborers' International of North America Local

Union 435 and its trustee, Daniel Kuntz (collectively, "Plaintiffs"). The defendants are Flower City Monitors, Inc. ("Flower City"), a New York corporation with its principal place of business in Rochester, and its president, Lenora Paige ("Paige") (collectively, "Defendants").

**PROCEDURAL STATUS**

On October 13, 2015, a Clerk's Notice of Default was entered against Defendants for failure to plead or otherwise defend. See FED. R. CIV. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

On June 5, 2017, Defendants filed a Motion to Vacate the Notice of Default, which this Court denied in a Decision and Order filed on July 18, 2017.

Plaintiffs then filed a Motion for Default Judgment pursuant to Federal Rules of Civil Procedure ("F.R.C.P.") 54 and 55(b)(2) and a Motion to Amend the Complaint. The Court issued a Decision and Order finding that Plaintiffs were entitled to default judgment against Defendants but held that Defendants were entitled to contest the amount of damages Plaintiffs requested. The Court declined to order an evidentiary hearing on damages, as requested by Defendants, but allowed Defendants to submit evidence and argument in opposition to Plaintiffs' damages calculations. The Court also denied without prejudice Plaintiffs' request for leave to amend the complaint to conform to the proof.

Defendants submitted a memorandum of law and affidavit (Docket No. 24) in opposition to Plaintiffs' calculation of damages. Plaintiffs filed reply papers (Docket No. 25). Defendants then filed a letter motion (Docket No. 26) to strike Plaintiffs' reply papers, to which Plaintiffs filed an affidavit in opposition (Docket No. 27). Defendants filed a reply (Docket No. 28).

For the reasons discussed below, Defendants' motion to strike is denied, Plaintiff's motion to amend the complaint to conform to the proof is, and the matter is referred to a magistrate judge for an inquest on damages.

**DISCUSSION**

**I. The Motion to Strike**

Defendants argue that Plaintiffs' papers submitted following the Court's grant of default judgment in their favor are unauthorized. Plaintiffs' argue that Defendants' motion to strike is procedurally improper insofar as it does not comply with this District's Local Rules of Civil Procedure and, moreover, is without merit.

The Court agrees that Defendants' motion fails to comply with Rule 7(a) of the Western District of New York's Local Rules of Civil Procedure ("W.D.N.Y. L.R."). In particular, under W.D.N.Y. L.R. 7(a)(1) and 7(a)(2)(A) require that a movant submit papers in support of his motion, provide a return date for the motion, and file and serve a memorandum of law on the non-movant. Defendants fulfilled none of these requirements. These deficiencies alone provide a basis denial of the motion.

Furthermore, as Plaintiffs argue, their reply papers were authorized by the Court in its July 26, 2017 decision and order, inasmuch as Plaintiff therein addressed various issues raised by Defendants' in their opposition papers to the motion for default judgment, namely, (1) the basis of Plaintiffs' damages as set forth in the complaint's first cause of action; (2) Defendants' characterization of the basis of Plaintiffs' May 8, 2014 payroll audit; (3) Defendants' characterization of the Court's decision and order entered July 26, 2017; (4) the timesheets submitted by Defendants' in opposition to the motion for default judgment; (5) Defendants' certified payroll records outlining the hours worked by their employees at the Genesee Valley Ice Rink Project, the subject of the collective bargaining agreement ("CBA"); (6) Defendants' argument that the CBA does not cover supervisors and forepersons; and (7) Defendants' argument that they are not required to pay dues-deductions.

In any event, Defendants will have an additional opportunity to contest Plaintiffs' arguments and evidence submitted in support of their reply papers, since, as discussed further below, the Court is referring this matter to a magistrate judge to conduct a hearing on the question of damages.

**II. The Damages Question**

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). "Upon entry of a

default, a plaintiff's claims for damages generally must be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed." Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc., 699 F.3d 230, 234 (2d Cir. 2012) (citation omitted). There must be a sufficient evidentiary basis established for the amount of damages the plaintiff seeks. Id. (citation omitted). The district court's determination on the sufficiency of the damages evidence "may either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." Id. (citing Fed. R. Civ. P. 55(b)(2); Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)). Together, "Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is 'necessary and proper' to hold an inquest on damages." Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir. 1993).

Although initially the Court believed that the damages issue could be determined on submissions, the Court now concludes that a hearing is necessary to resolve the contested issues surrounding the amount of damages owed, including the proper calculation of interest and award attorney's fees.

## CONCLUSION

For the foregoing reasons, Defendants' letter motion to strike (Docket No. 26) is denied with prejudice.

The parties are strongly encouraged to consent to a magistrate judge exercising the Court's full jurisdiction pursuant to 28 U.S.C. § 636(c)(1) over all issues remaining in this case. Consent forms will be sent to the parties along with copies of this Decision and Order. The parties are directed to return the completed consent forms to the Clerk of Court by Monday, July 23, 2018.

If the parties do not avail themselves of this opportunity to expedite resolution of the damages question, the Court will issue a separate order referring this matter to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) to hear and report on damages.

**SO ORDERED.**

S/Michael A. Telesca

HON. MICHAEL A. TELESCA
United States District Judge

Dated:   July 16, 2018
         Rochester, New York.